**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

| | |
|---|---|
| Lajune L. Morgan, | : |
|     Plaintiff, | : Case No: 3:19-cv-13077 |
| v. | : Judge: Cleland |
| First Federal Credit Control, Inc., | : Answer to Complaint |
|     Defendant. | : |

Now comes Defendant First Federal Credit Control, Inc. ("FFCC") and provides the following for its Answer to Plaintiff Lajune L. Morgan's Complaint.

### NATURE OF THE ACTION

**Complaint 1.** Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

**Answer 1.** FFCC admits that Plaintiff has attempted to allege claims under the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, but denies any wrongdoing under these statutes. FFCC specifically denies any remaining allegations in paragraph 1 of the complaint.

### JURISDICTION AND VENUE

**Complaint 2.** This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

**Answer 2.** FFCC denies all allegations in Paragraph 2.

**Complaint 3.** Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

**Answer 3.** FFCC denies all allegations in Paragraph 3.

## PARTIES

**Complaint 4.** Plaintiff is a natural person over 18 years-of-age residing in Wayne County, Michigan, which is located within the Eastern District of Michigan.

**Answer 4.** FFCC admits that Plaintiff is a natural person but FFCC lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 and therefore denies the remaining allegations in Paragraph 4.

**Complaint 5.** Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

**Answer 5.** FFCC admits Paragraph 5.

**Complaint 6.** Defendant boasts of its "unique attitude and approach to the collection business[.]" Defendant is a corporation organized under the laws of the State of Ohio. Defendant's registered agent is Corporate Creations Network, Inc., which is located at 28175 Haggerty Road, Novi, Michigan 48377. Defendant regularly collects from consumers in the State of Michigan.

**Answer 6.** FFCC admits the allegations in paragraph 6.

**Complaint 7.** Defendant is a "person" as defined by 47 U.S.C. §153(39).

**Answer 7.** FFCC admits Paragraph 7.

**Complaint 8.** Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**Answer 8.** FFCC lacks information or knowledge sufficient to form a belief about the truth of Paragraph 8 and therefore denies Paragraph 8.

## FACTS SUPPORTING CAUSES OF ACTION

**Complaint 9.** The instant action stems from Defendant's attempts to collect upon a defaulted dental services bill ("subject debt") that Plaintiff purportedly owes to Ron T. Williamson, DDS ("Williamson").

**Answer 9.** FFCC lacks information or knowledge sufficient to form a belief about the truth of Paragraph 9 and therefore denies Paragraph 9.

**Complaint 10.** Around the summer of 2019, Plaintiff began receiving calls to her cellular phone, (248) XXX-0132, from Defendant.

**Answer 10.** FFCC denies Paragraph 10.

**Complaint 11.** At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0132. Plaintiff is and always has been financially responsible for the cellular phone and its services.

**Answer 11.** FFCC lacks information or knowledge sufficient to form a belief about the truth of Paragraph 11 and therefore denies Paragraph 11.

**Complaint 12.** Defendant has primarily used the phone number (866) 660-8709 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

**Answer 12.** FFCC denies Paragraph 12.

**Complaint 13.** Upon information and belief, the above referenced phone number ending in -8709 is regularly utilized by Defendant during its debt collection activity.

**Answer 13.** FFCC denies Paragraph 13.

**Complaint 14.** Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, and has to say "hello" multiple times before a live representative begins to speak.

**Answer 14.** FFCC denies Paragraph 14.

**Complaint 15.** Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

**Answer 15.** FFCC admits that it is a debt collector. Defendant does not know if the alleged account was a "debt" and lacks sufficient information to admit or deny that allegation, and therefore denies it. All other allegations in Paragraph 15 are denied.

**Complaint 16.** Due to Defendant's harassing collection campaign, Plaintiff demanded that Defendant cease calling her cellular phone.

**Answer 16.** FFCC denies Paragraph 16.

**Complaint 17.** Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

**Answer 17.** FFCC denies Paragraph 17.

**Complaint 18.** Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still placed not less than 15 phone calls to Plaintiff's cellular phone.

**Answer 18.** FFCC denies Paragraph 18.

**Complaint 19.** Moreover, on or around October 7, 2019, Defendant caused to be mailed a "dunning" letter to Plaintiff, which is several weeks after Defendant's initial contact with Plaintiff.

**Answer 19.** FFCC admits that it sent correspondence to Plaintiff in October 2019 but states that the correspondence was sent **at Plaintiff's request**. FFCC admits that it first sent a written notice to Plaintiff in 2015. FFCC denies any remaining allegations in paragraph 19 of the complaint.

**Complaint 20.** Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

**Answer 20.** FFCC denies Paragraph 20.

**Complaint 21.** Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**Answer 21.** FFCC denies Paragraph 21.

**Complaint 22.** Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**Answer 22.** FFCC denies Paragraph 22.

## COUNT I – ALLEGATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

**Complaint 23.** Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

**Answer 23.** FFCC fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 24.** Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**Answer 24.** FFCC admits Paragraph 24.

**Complaint 25.** Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**Answer 25.** FFCC admits Paragraph 25.

**Complaint 26.** Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

**Answer 26.**   FFCC admits Paragraph 26.

**Complaint 27.** The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

**Answer 27.**   FFCC lacks information or knowledge sufficient to form a belief about the truth of Paragraph 27 and therefore denies Paragraph 27.

   a.  **Allegations under FDCPA §1692c(a)(1) and §1692d**

**Complaint 28.**   The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

**Answer 28.**   FFCC states that the FDCPA speaks for itself and paragraph 28 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 28.

**Complaint 29.**   Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 15 times after she demanded that it stop.  This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

**Answer 29.**   FFCC denies Paragraph 29.

**Complaint 30.**   Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

**Answer 30.**   FFCC denies Paragraph 30.

   b.  **Allegations under FDCPA § 1692e**

**Complaint 31.**   The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

5

**Answer 31.** FFCC states that the FDCPA speaks for itself and paragraph 31 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 31.

**Complaint 32.** In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

**Answer 32.** FFCC states that the FDCPA speaks for itself and paragraph 31 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 32.

**Complaint 33.** Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

**Answer 33.** FFCC denies all allegations in Paragraph 33.

### c. Allegations under FDCPA § 1692f

**Complaint 34.** The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**Answer 34.** FFCC states that the FDCPA speaks for itself and paragraph 31 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 34.

**Complaint 35.** Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 15 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

**Answer 35.** FFCC denies all allegations in Paragraph 35.

### d. Allegations under FDCPA § 1692g

**Complaint 36.** The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice

containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]  (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

**Answer 36.**   FFCC states that the FDCPA speaks for itself and paragraph 36 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 36.

**Complaint 37.**   Defendant violated § 1692g by failing to provide the written information required within five days after the initial communication with Plaintiff.

**Answer 37.**   FFCC denies all allegations in Paragraph 37.

**Complaint 38.**   As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**Answer 38.**   FFCC denies all allegations in Paragraph 38.

## COUNT II – ALLEGATIONS UNDER THE TELEPHONE CONSUMER PROTECTION ACT

**Complaint 39.**   Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

**Answer 39.**   FFCC fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 40.**   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**Answer 40.**   FFCC states that the TCPA speaks for itself and paragraph 39 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 39.

**Complaint 41.**   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

**Answer 41.** FFCC denies all allegations in Paragraph 41.

**Complaint 42.** Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the subject consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

**Answer 42.** FFCC denies all allegations in Paragraph 42.

**Complaint 43.** The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**Answer 43.** FFCC denies all allegations in Paragraph 43.

**Complaint 44.** Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**Answer 44.** FFCC denies all allegations in Paragraph 44.

## COUNT III – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

**Complaint 45.** Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

**Answer 45.** FFCC fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 46.** Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

**Answer 46.** FFCC lacks information or knowledge sufficient to form a belief about the truth of Paragraph 46 and therefore denies Paragraph 46.

**Complaint 47.** Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

**Answer 47.** FFCC lacks information or knowledge sufficient to form a belief about the truth of Paragraph 47 and therefore denies Paragraph 47.

**Complaint 48.** The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of

value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

**Answer 48.** FFCC lacks information or knowledge sufficient to form a belief about the truth of Paragraph 48 and therefore FFCC denies Paragraph 48.

### a. Allegations under M.C.L. § 339.915(f)(ii)

**Complaint 49.** The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

**Answer 49.** FFCC states that the MOC speaks for itself and paragraph 49 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 49.

**Complaint 50.** Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system even though Plaintiff had never consented to receiving such calls. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly extinguished after Plaintiff demanded that it cease calling her cellular phone. As such, Defendant misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by attempting to contact Plaintiff's cellular phone absent the lawful ability to do so.

**Answer 50.** FFCC denies all allegations in Paragraph 50.

### b. Allegations under M.C.L. § 339.915(n)

**Complaint 51.** The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

**Answer 51.** FFCC states that the FDCPA speaks for itself and paragraph 51 does not require a response. To the extent that it does require a response, FFCC denies the allegations in paragraph 51.

**Complaint 52.** Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 15 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in defiance of this information was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

**Answer 52.**   FFCC denies all allegations in Paragraph 52.

**Complaint 53.**   Further, Plaintiff told Defendant that its calls to her cellular phone were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

**Answer 53.**   FFCC denies all allegations in Paragraph 53.

**Complaint 54.**   Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner,

**Answer 54.**   FFCC denies all allegations in Paragraph 54.

**Complaint 55.**   Defendant called Plaintiff repeatedly notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

**Answer 55.**   FFCC denies all allegations in Paragraph 55.

## ADDITIONAL DEFENSES

1.   Plaintiff lacks standing to bring this action against FFCC as Plaintiff suffered no harm.

2.   Any violation of law, which is denied, was the result of a bona fide error notwithstanding the maintenance of procedures reasonably designed to avoid such alleged violation.

3.   Plaintiff caused her own alleged damages by initiating contact with FFCC and requesting more contact from FFCC.

4.   Plaintiff was contributorily/comparatively negligent by initiating contact with FFCC and requesting more contact from FFCC.

5.   Plaintiff consented to the contacts from FFCC as she contacted FFCC and requested information from FFCC.

6.   Plaintiff failed to mitigate any damages when she contacted FFCC and requested information from FFCC.

7.   Plaintiff has unclean hands, as she contacted FFCC and requested information from FFCC, thereby hoping to "catch" FFCC in a violation for responding to Plaintiff.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Plaintiff's requested relief denied, and FFCC should be awarded its costs and fees in defending this action.

Respectfully submitted,

/s/ Boyd W. Gentry
Boyd W. Gentry (OH # 0071057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (800) 839-5843
bgentry@boydgentrylaw.com
*Counsel for First Federal Credit Control, Inc.*

### Certificate of Service

I hereby certify that a true and accurate copy of the foregoing Answer to Complaint has been served by the Court's CM/ECF service to all counsel of record on December 20, 2019.

/s/ Boyd W. Gentry
Boyd W. Gentry (OH # 0710057)